IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Proceeding |
| | ) | |
| Charles Robinson, | ) | Case No.  16-40737 |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |

## NOTICE OF FILING

**TO:** <u>S</u>erved upon the following parties by mail:
**Charles Robinson**
1135 W. 127th Pl., Apt. C1
Riverdale, IL 60827 – Debtor

<u>Served upon the following parties electronically:</u>
Semrad Law Firm, LLC                          Tom Vaughn
Counsel for Debtor                                Chapter 13 Trustee

PLEASE TAKE NOTICE that on February 2, 2017, the undersigned caused to be electronically filed with the Clerk of the U.S. Bankruptcy Court, 219 South Dearborn Street, Chicago, Illinois 60604, the attached **OBJECTION TO CONFIRMATION OF PLAN.**

First Security Credit Union, Movant,

By:   /s/  Darren L. Besic
       Darren L. Besic, One of Its Attorneys

## CERTIFICATE OF SERVICE

The undersigned, under penalties of perjury certifies and states that he has served the attached documents upon the person or persons to whom addressed in this cause by depositing a copy of same (or directing that staff members under my direct control) in the U.S. Mail, properly addressed and with proper postage affixed thereto, on February, 2017, from the law office of Walinski & Associates P.C., 221 N. LaSalle Street, Chicago, Illinois 60601 and via electronic (CM/ECF) notice to the Debtor's Attorney and Bankruptcy Trustee.

      /s/ Darren L. Besic
      Darren L. Besic, Attorney at Law

Darren L. Besic, Esq.
Attorney for First Security Credit Union
Walinski & Associates, P.C.
221 N. LaSalle Street, # 1000
Chicago, Illinois 60601
Tel. (312)704-0771

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 Proceeding |
| | ) | |
| Charles Robinson, | ) | Case No. 16-40737 |
| | ) | |
| Debtor. | ) | Judge Jack B. Schmetterer |

## OBJECTION TO CONFIRMATION OF PLAN

Now comes First Security Credit Union, by Darren L. Besic, its attorney, and moves this Court for entry of an Order denying confirmation of Plan, and in support thereof, states as follows:

1. The Debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code on December 30, 2016. The Debtor's Chapter 13 Plan has not yet been confirmed.

2. On or about June 23, 2016, the Debtor's entered into a Loan and Security Agreement ("Contract") with First Security Credit Union to finance the purchase of a 2008 Dodge Avenger VIN 1B3LC56RX8N583720. A copy of the Contract is attached as Exhibit "A".

3. Pursuant to this Contract (Ex. A), the Debtor pledged the subject vehicle, 2008 Dodge Avenger VIN 1B3LC56RX8N583720, as collateral to secure payment of the Contract (Ex.A) and further, First Security Credit Union was granted a security interest in said vehicle which has been perfected by First Security Credit Union recording its lien on the vehicle's Certificate of Title (Ex. B).

4. On January 26, 2017, FIRST SECURITY CREDIT UNION filed a secured proof of claim for the Car Loan in the amount of $10,494.53 at 13.2% annual interest rate.

5. The Debtor's Plan lists the Car Loan as a secured claim it the amount of $5,900.00, with a 5.0% annual interest rate, and with a fixed monthly payment of only $26.00.

6. However, Section 1325(a)(9) of the Bankruptcy Code, provides that in the event Debtor purchased the secured creditor's collateral, *i.e.* the Vehicle, less than 910 days prior to the commencement of these proceedings, Debtor is not entitled to "cram down" the secured

creditor's claim and, instead, is required to provide for payment of the claim in its entirety without regard to the value of the collateral.

7. The Debtor purchased the Vehicle on June 23, 2016, *i.e.* less than 910 days prior to the date of commencement of these proceedings. As such, Debtor's proposed Plan must provide for payments to FIRST SECURITY CREDIT UNION on its claim in its entirety, *i.e.* $10,494.53, but instead seeks to improperly invoke the "cram down" provision of the Code, 11 U.S.C. 1325(a)(5)(B), in an to attempt to reduce FIRST SECURITY CREDIT UNION's secured claim to the lesser amount of 5,900.00.

8. Further, the Debtor's proposed Chapter 13 Plan contains a provision that FIRST SECURITY CREDIT UNION will receive pre-confirmation adequate protection payments and post confirmation fixed payments in the amount of only $26.00 per month until July, 2018. See Plan, section E3.1 and Par. 1 of Special Terms in Section G.

9. Although the Debtor has the right to modify the aforesaid contract pursuant to 11 U.S.C. § 1322(b)(2), the Plan must still provide that the interests of First Security Credit Union are adequately protected. See 11 U.S.C. §§ 361 and 362.

10. The Debtor's proposed Chapter 13 Plan is designed to pay the Debtor's attorney fees in full, while secured creditors under Section E3.1 receive very small payments which effectively prevent First Security Credit Union from receiving monthly disbursement sufficient to adequately protect its security interest in the described vehicle, until attorney's fees are paid.

11. That "adequate protection" may be defined as periodic cash payments in at least the amount that said vehicle is depreciating, plus interest accrued over the term of the plan.

12. The Debtor's Chapter 13 Plan does not provide adequate protection for the interests of First Security Credit Union, in that it does not compensate creditor for the depreciating value of the aforesaid collateral, plus interest.

13. The Debtor's proposed Plan further fails to comply with Section 1325(a)(5)(B)(iii) of the Bankruptcy Code, which requires that all Chapter 13 Plans propose

payments on secured claims in equal, fixed monthly installments in an amount to provide adequate protection to the secured creditor, and in a manner sufficient to satisfy its secured claim within the term of the Plan.

14. The Debtor's Chapter 13 Plan proposes to pay interest on the secured portion of First Security Credit Union's claim at the rate of 5.0%, which is inadequate to put First Security Credit Union in an economic position equivalent to the one it would have occupied had it received the allowed secured amount immediately, thus terminating its relationship with Debtor. First Security Credit Union "is entitled to the rate of interest it could have obtained had it foreclosed and reinvested the proceeds in loans of equivalent duration and risk." Koopmans v. Farm Credit Services of Mid-America, ACA, 102 F.3d 874, 875 (7th Cir. 1996); In re Palmer, 224 B.R. 681, 684 (Bankr. S.D. Ill. 1998). Movant is presumptively entitled to the rate of interest of at least 6.25%, based upon risk factors involved. See Till v. SCS Credit Corp., 124 S. Ct. 1951 (2004).

WHEREFORE, First Security Credit Union prays that this Court enter an Order denying confirmation and for such other relief as the Court deems just.

                                        First Security Credit Union

                                        BY:   /s/Darren L. Besic
                                                One of its attorneys

Darren L. Besic, Esq.
Attorney for First Security Credit Union
Walinski & Associates, P.C.
221 N. LaSalle Street, # 1000
Chicago, Illinois 60601
Tel. (312)704-0771